[Civ. No. 8739. First Appellate District, Division One.—April 26, 1933.]

E. R. McPHEETERS, Respondent, v. TEDDY McMAHON, Appellant.

C. W. Durbrow and Hawkins & Hawkins for Appellant.

Roy B. Maxey and J. M. Walthall for Respondent.

COMSTOCK, J., *pro tem.*—Respondent brought this action on April 1, 1932, against the appellant and certain other persons, to secure an injunction prohibiting them using or conducting certain premises in the city of Modesto as a dance hall, or giving dances therein or permitting them to be so used.

The court below issued a temporary restraining order upon the verified complaint, without notice. An order to show cause why a preliminary injunction should not be granted was issued, returnable April 9, 1932. On April 8, 1932, the defendant, Teddy McMahon, appellant herein, served and filed a general demurrer to the complaint and an affidavit in opposition to the granting of a preliminary injunction. The other defendants did not appear. Counsel for the parties so appearing stipulated in open court that a hearing might be had on the eighth day of April, 1932, on the demurrer and order to show cause. It appears from the bill of exceptions that on said day the plaintiff had witnesses in court and was prepared to present oral testimony in support of his application but that counsel for the defendant McMahon stated in open court that it would not be necessary to take the testimony of any witnesses and that said defendant's demurrer was his answer to the order to show cause, and that the court thereupon excused the witnesses and proceeded with the hearing of the application for a preliminary injunction upon the complaint and said demurrer. Both matters were then argued and submitted for decision and the court took them under advisement. Thereafter, on April 18, 1932, and before the court had passed upon the demurrer and application for preliminary

injunction, upon moving papers duly served and filed, the defendant McMahon moved to dissolve the temporary restraining order.

The ground of the motion which we deem most important is that the complaint did not state facts sufficient to constitute a cause of action. The motion was made and presented upon the notice of motion, the pleadings on file and the affidavit of the defendant McMahon. The court thereupon denied the motion to dissolve the temporary restraining order and sustained the demurrer and gave the plaintiff ten days' time to amend his complaint. It further ordered that upon plaintiff filing a bond in the sum of $1,000 within forty-eight hours of the making of said order, he should be granted a preliminary injunction as prayed for. All of said rulings and orders were made on April 18, 1932, and entered as parts of one minute order. On April 20, 1932, the court issued its preliminary injunction. An amended complaint was served and filed on April 22, 1932, and on April 25, 1932, the defendant McMahon served and filed two notices of appeal, one appeal being from the order denying the motion to dissolve the temporary restraining order and another from the order granting the preliminary injunction.

The ruling of the trial court in sustaining the demurrer is not before us for review, but its correctness is involved in the question of whether the court erred in denying appellant's motion to dissolve the restraining order and in issuing the preliminary injunction, for to justify the issuance of a restraining order in the first instance, or the continuance of it in force, it must appear from the verified complaint, or from affidavit, that sufficient grounds exist therefor. (Code Civ. Proc., sec. 527.)

The original complaint is defective in several particulars. We shall not notice in detail the defects which rendered it demurrable, in view of the conclusions herein reached as to its insufficiency to support the injunctive orders. The substance of the complaint is as follows: That plaintiff owns and conducts a hospital within 180 feet from the dance hall premises; that for some time prior to 1931 a dance hall was operated on said premises by the owners, managers or lessees thereof, at which public dances were held; that some of the patrons or visitors of such dances, while patrons

or visitors at said dance hall, disturbed the peace and quiet of the people in the neighborhood, and particularly disturbed the peace and quiet of plaintiff and of his patrons and employees in said hospital, by loud and tumultuous laughter and obscene and profane language, and by unnecessary racing of the engines of their automobiles, and unnecessary honking of the horns thereof; that in 1931 the dance hall was destroyed by fire; that plaintiff is informed and believes and therefore states as a fact that the dance hall is being reconstructed upon said premises and upon completion will again be occupied and used as a dance hall and for public dances and other gatherings of people, and that the said condition of said disturbances and annoyances will be repeated at frequent intervals and whenever a dance is given in said dance hall, and will continue indefinitely unless restrained; that the continued repetition of said disturbances and annoyances will cause a considerable number of people and residents of the neighborhood of said dance hall and particularly the plaintiff and the patrons and employees of plaintiff's hospital great discomfort and annoyance, which has been and will continue to be injurious to the health and offensive to the senses of a considerable number of people residing in said neighborhood, and particularly to the plaintiff and his said patrons and employees, and will greatly depreciate the value and use of the property of the said residents in said neighborhood, and particularly the value and use of the said property of plaintiff; that plaintiff is informed and believes, and therefore alleges, that a dance will be given at said dance hall by the defendants or their agents or lessees on or about Saturday evening, April 2, 1932, unless restrained by an order of the court, and that, if given, the same disturbances and annoyances will result, as before alleged, to the same persons and with the same effects; that the defendant McMahon is the agent and manager for the owner, or the lessee of the dance hall premises, and in possession and control thereof; that plaintiff has no plain, speedy or adequate remedy at law, and that plaintiff and the other people alleged to be affected by said disturbances and annoyances will suffer great and irreparable damages before the matter can be heard on notice. The prayer is that the said dance hall be declared a nuisance and that it be abated; and that the defendants, and each of them, and

their agents, attorneys and employees be restrained and enjoined from operating or maintaining said premises as a dance hall and from giving or permitting dances to be held therein.

We are of the opinion that the court below erred in granting the preliminary restraining order upon this complaint and in denying the motion to dissolve it and issuing the preliminary injunction. Waiving all considerations of whether the complaint showed a public nuisance which could be abated at the suit of a private individual only if the injury alleged were shown to be special and peculiar to him and different in kind from that suffered by the public, and of the impropriety of granting injunctive relief upon a verified complaint whose material allegations are stated on information and belief, and certain other matters of pleading which undoubtedly claimed the attention of the trial court in sustaining the demurrer, and considering the complaint solely from the viewpoint of its substantiality as a basis for the orders appealed from, and further, considering the orders themselves, we find that a more serious situation exists than would have been presented by a mere sustaining of a demurrer, with leave to amend, without prejudice to a restraining order or temporary injunction proper in substance and scope. In the case before us the principal allegations of nuisance are to the effect that while the dance hall was conducted by its owners, managers or lessees, prior to the fire which destroyed it in 1931, some of the patrons or visitors of the dances there held disturbed the peace and quiet of the people of the neighborhood and of the patrons and employees of plaintiff's hospital by loud and tumultuous laughter and obscene and profane language, and by unnecessary racing of the engines in their automobiles and unnecessary honking of the horns thereof, and that said condition of the said disturbances and annoyances will be repeated at frequent intervals, and whenever a dance is given in said dance hall, and will continue indefinitely. These are wholly insufficient to justify the restraining order or its continuance, or the preliminary injunction in the form issued. A dance hall is not *per se* a nuisance and the conducting of one, or of public dances therein, is a lawful business. (*Pavilion Ice Rink* v. *Bryant*, 58 Cal. App. 584 [209 Pac. 76]; note, 19 A. L. R. 1441; 46 C. J. 699.) Respondent

concedes this, but contends that his case comes within the purview of *Blanton* v. *State,* 38 Okl. Crim. 149 [259 Pac. 655]. That case is authority for the proposition that in a criminal prosecution for maintaining a public nuisance the charge is sufficiently sustained by proof of the offensive and annoying manner in which a dance hall is conducted and of the lewd, immoral, drunken, profane and offensive conduct at and in the vicinity of it of the persons frequenting the dances. The court there said: "A dance hall is not *per se* a nuisance, but may become such by the manner in which it is conducted and by the conduct of the persons assembled in and around it. The proof is not restricted to what occurs within the building at which the nuisance is charged to be maintained, but acts constituting a nuisance and having an evident connection and relation to the offensive matter charged as a nuisance occurring adjacent to and about the building so near as to constitute a part of the nuisance charged are competent." Injunctive relief was not involved in the case. We have no doubt that in a proper case appropriate injunctive relief may be granted affecting the manner of conducting a public dance hall. The character of the neighborhood, the hours at which the music is played or its type and volume, the orderly or disorderly conduct of the patrons, the frequency of the occurrences and many other factors are to be considered, and whether or not it is a nuisance is a question of fact. The complaint here does not disclose whether plaintiff's hospital is in a residential neighborhood or a business or industrial district. For aught that appears, the neighborhood may be of a sort where wholly apart from the dance hall, or the manner in which it has been or may be conducted, the usual and customary noise of street-car or motor traffic or the voices and conduct of some members of the public may be such that the presence or absence of the dance hall would effect no material change of conditions. The allegation is that "some of the patrons of such dances, or visitors thereto, while patrons of or visitors at said dance hall" committed the acts complained of. There is no showing of how many of said patrons and visitors so acted, or how frequently the acts occurred. The allegations of past conduct refer to the actions of persons responsible for the conditions existing before the destruction of the building by fire at a time

which, for all we are told by the complaint, may have been more than a year prior to its threatened opening now complained of. It does not appear that the defendants are the same persons who conducted the dance hall previous to the fire. In respect to threatened future acts, the averments in substance are that the dance hall building is being reconstructed and that upon its completion it will again be used as a dance hall for public dances and other gatherings of people; that a dance will be given on a particular night at said hall by the defendants, their agents or lessees, and that the condition of disturbances and annoyances complained of as having existed in the past will be repeated at frequent intervals and whenever a dance is given in said dance hall, and will continue indefinitely unless restrained. It is apparent from the context of the complaint that the dance hall as such and not merely the manner of conducting it is the thing sought to be enjoined. The pleading seems to proceed upon the theory that, because it is a dance hall and was once objectionable in the surrounding incidents mentioned, it follows that it will again be so, regardless of change of management, difference in construction of the building or any other consideration. We do not agree that this is necessarily true. The prayer is not merely that the disturbing and annoying manner of conducting the dance hall be enjoined. While the prayer is no part of the complaint, it may properly be consulted in determining whether a pleading was intended to include any specific character of relief and may well serve to show what kind of case the plaintiff supposes he has made. (1 Bancroft's Code Pleading, 35; *Nevada County & Sacramento Canal Co.* v. *Kidd,* 37 Cal. 282; *Arrington* v. *Liscom,* 34 Cal. 365 [94 Am. Dec. 722]; *Green* v. *Thornton,* 8 Cal. App. 160 [96 Pac. 382]; *Canby* v. *Council of City of Los Angeles,* 114 Cal. App. 94 [299 Pac. 732].) The orders follow the prayer and absolutely and unqualifiedly restrain and enjoin the operation or maintenance of the premises as a dance hall and the giving or permitting of dances therein. This is far too sweeping an injunction to be granted or continued in force upon the facts alleged, even conceding that the defects upon which the demurrer was sustained might have been cured by amendment. As was stated in *People* v. *Selby Smelting & Lead Co.,* 163 Cal. 84 [124 Pac. 692, 694, 1135, Ann. Cas. 1913E, 1267],

which was a suit to abate the nuisance of conducting a lawful business in an offensive manner, "Our statute defining nuisance does not refer to that which produces the injurious substance as the nuisance. The offensive gases and not the factory emitting them would come within the definition given by section 3479 of the Civil Code. That section is, in its essential part, as follows: 'Anything which is injurious to health, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property . . . is a nuisance.' Under this section it seems clear that the offensive matter and not its source is regarded."

An injunction should rarely, if ever, be issued in a doubtful case. The power should be exercised only when the right is clear, the injury impending and threatened, so as to be averted only by the protecting preventive process of injunction. (*Willis* v. *Lauridson,* 161 Cal. 106 [118 Pac. 530].) It is evident from the nature of the business here involved that it may be carried on without annoyance. There is nothing inherent in the operation of a public dance or dance hall that need disturb the neighborhood. If music, laughter and the sounds of merrymaking be such as to disturb persons of ordinary sensibility in the vicinity in the reasonable comfort and enjoyment of their lives and property, there are feasible means to obviate the annoyance by eliminating the escape of the noise from the building where it is carried on. Disorderly conduct about the premises and having a relationship to the maintenance or operation of the dance hall can be controlled by proper disciplinary regulation, and may be a matter of police control. It is not a condition requiring or justifying an injunction so broad as to deny absolutely to a property owner or his lessee the right to lawfully pursue his lawful business. The rule applicable in such a case, and where appropriate facts are alleged or proven, is that a court of equity will not enjoin the conduct of the defendant's entire business, where such business is not a nuisance *per se,* if a less measure of restriction will afford to the plaintiff the relief to which he may be entitled. (*Vowinckel* v. *Clark & Sons,* 216 Cal. 156 [13 Pac. (2d) 733]; *McMenomy* v. *Baud,* 87 Cal. 134 [26 Pac. 795]; *Williams* v. *Blue Bird Laundry Co.,* 85 Cal. App. 388 [259 Pac. 484].) Thus, in *Phelps* v. *Winch,* 309 Ill. 158

[140 N. E. 847, 850, 28 A. L. R. 1169], in which the manner of conducting a public dance in a summer residential community was proven to be a nuisance, the court so framed its decree as to enjoin the defendants "from the operation of the pavilion in such manner as to interfere with the reasonable comfort and enjoyment of life by complainants and other persons of ordinary sensibility occupying their premises".

In *Thoenebe* v. *Mosby*, 257 Pa. St. 1 [101 Atl. 98], an injunction against a public dance hall was refused where it appeared that in a neighborhood not strictly residential, but partly business in character, everything had been done by the proprietors to lessen the sound of the music after 11 o'clock on nights when a dancing school was held therein and that on other nights, occurring about once a month, when an entertainment was given lasting until about 2 o'clock in the morning, the noises in the street from the saying of parting words and calling to friends by people leaving the hall could properly be left to the police to regulate.

We have found no California cases directly involving the question of enjoining dance halls or dances as nuisances. We think the principle involved, however, is precisely that which applies to any other lawful business which when so conducted as to constitute a nuisance may be enjoined as to the hurtful manner of its conduct, but should not be restricted further.

Respondent urges that his amended complaint relates back to and speaks as of the time of the filing of the original and hence supports the restraining order and the preliminary injunction. A sufficient answer to this is that the amended pleading, notwithstanding it directly alleges some of the matters originally stated on information and belief and enlarges upon the averments of special injury to plaintiff, is still wholly insufficient to justify the orders made. It is therefore unnecessary for us to burden this opinion with a discussion of whether the appeals speak as of the date of the orders appealed from or must be considered as if the amended pleading filed after the entry of the orders from which the appeals are taken had fallen into the place of the original one.

Appellant based a part of his argument for reversal upon the theory that since the general demurrer was sustained there was no basis for the temporary restraining order and preliminary injunction. In upholding his appeals we are not to be understood as placing our opinion on this ground, but upon that heretofore discussed, namely, that the case made by plaintiff was insufficient to justify the particular orders made. It is settled that in a proper case a demurrer may be sustained and an amendment allowed without prejudice to a preliminary restraining order or temporary injunction already granted. (*Barber* v. *Reynolds,* 33 Cal. 497; *County of Tehama* v. *Sisson,* 152 Cal. 167 [92 Pac. 64]; *Humphry* v. *Buena Vista Water Co.,* 2 Cal. App. 540 [84 Pac. 296]; 14 Cal. Jur. 259.)

The matters we have already discussed are determinative of the appeals; hence we shall not discuss the other points made.

The orders appealed from are reversed, with direction to the court below to grant the motion to dissolve the restraining order and deny the application for a temporary injunction.

Knight, Acting P. J., and Cashin, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 22, 1933.