FRANCISCO I. CARRERAS, Plaintiff and Appellant, v. MUNICIPALITY OF HUMACAO, Defendant and Appellee.

No. 8095. Argued January 25, 1940.—Decided February 8, 1940.

*James R. Beverley, José López Baralt* and *Francisco González Fagundo* for appellant. *Miguel A. Burset, P. Pérez Pimentel* and *C. Ortiz Stella* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

This appeal was taken from a judgment on demurrer for insufficiency denying a petition for a preliminary and a permanent injunction, with costs against the plaintiff including $100 as attorney's fees. It, therefore, becomes necessary to consider the averments of the complaint in the light of the provisions of section 277 of the Code of Civil Procedure applicable in the premises.

The plaintiff alleges to be the owner of two parcels of land which he describes, lying in the Río Abajo barrio of Humacao; that the above mentioned city is building a sewer system and that for the purpose of gathering the dirty waters, it is building a tank of the kind known as Inhoff tanks on a parcel of land belonging to Antonio Roig, Sucrs., (*S. en C.*), which he also describes; that said Inhoff tank is being built at a distance of 103.20 meters from the center of the road contiguous to the two parcels of the plaintiff above-mentioned, on one of which there is a dwelling house and on the other four dwelling houses and a building used as a warehouse and laboratory of the Ebrey Chemical Works, of which the plaintiff is president; that on information and belief of the plaintiff the said tank will be left open once it is finished and will be overflowed by the river in its regular freshets, all the filth and fecal matters thereof being spread over the parcel on which it is built, and this will cause irreparable damages both to the plaintiff and to the people living in their own houses, which damages can not be compensated in money; that the gases from said Inhoff tank are injurious to health, offensive to the senses and will obstruct the free enjoyment of the properties of the plaintiff above described,

thus becoming a "nuisance;" that the Municipality of Humacao was notified the day before the filing of the complaint herein of the objections of the plaintiff to the continuation of the work, but refused to discontinue the same and the work was proceeded with the day itself of the filing of the complaint; that there is no other adequate remedy available to the plaintiff than the injunction proceeding to stop the work.

The complaint closes by praying for judgment enjoining the defendant municipality, through its employees, agents, contractors or anybody else acting in connection therewith, from proceeding with the said work, and that, should the same be proceeded with, to order the destruction of the tank for the account of the defendant, with costs, and that pending a decision herein a preliminary injunction be issued as hereinbefore set forth, all of which after the proper bond has first been furnished.

Such was briefly the complaint which the lower court dismissed on the ground that the same failed to state facts to constitute the cause of action prosecuted.

Did the court *a quo* commit error in rendering such judgment? This is the question now pending in this court for determination.

Section 277 of our Code of Civil Procedure (1933 ed.) while defining the word "nuisance" *(perturbación)* provides the remedy against it. As there is a discrepancy between the English and the Spanish texts and the English text must prevail, because such provision was taken from American statutes, we will transcribe the English version to be followed by the correct Spanish version as follows:

"Section 277.—Anything which is injuries to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action. Such action may be brought by any person whose property is injuriously affected

or whose personal enjoyment is lessened by the nuisance, and by the judgment the nuisance may be enjoined or abated, as well as damages recovered.''

''Art. 277.—Todo lo que fuere perjudicial a la salud, indecente, u ofensivo a los sentidos, o que interrumpa el libre uso de la propiedad, de modo que impida el cómodo goce de la vida o de los bienes, constituye una perturbación que da lugar a una acción. Dicha acción podrá ser promovida por cualquier persona cuya propiedad *sea afectada* o cuyo bienestar personal *sea menoscabado* por la perturbación, y la sentencia podrá prohibirla o suprimirla, así como decretar el resarcimiento de los daños y perjuicios.'' (Italics ours.)

The above legal provision does not require, as contended by the appellee, in order to enjoin or abate a nuisance, that it must necessarily be waited until there is actually an injury. The decisions, both from California from whose statutes section 277 of our Code was taken, and from most of the States, mention two cases where injunction is available as a preventive remedy to enjoin a nuisance before the same actually takes place: (1) in the case of a nuisance *per se;* and (2) where, although no nuisance *per se* is involved, the subject or thing, from the way it is used or handled, might become a nuisance. In the latter case, if the plaintiff shows that the thing or object will be used or handled in such manner that the same necessarily and inevitably shall become a nuisance, injunction lies to prevent any irreparable damages that might be inflicted on the property or person of the plaintiff. See *Pennsylvania Co.* v. *Sun Co.,* 55 A.L.R. 873, and the lengthy monograph at the foot of the above case, entitled: *Right to Enjoin Threatened or Anticipated Nuisance.''*

Conceding, in the case at bar, that the Inhoff tank is not a *nuisance per se,* yet if, as alleged by the plaintiff, it is being built at such distance from his property and in such conditions as set forth in the complaint, it unquestionably will become a *nuisance,* for as the tank is uncovered, the same will attract, and become a breeding place of, flies, and will emit disagreeable odors, not only on account of its contents

but also because it will flood the land with fecal matters during the freshets of the river. All this will, not only prevent the dwellers in plaintiff's houses from comfortably enjoying life and expose them to sickness and trouble but will necessarily and considerably diminish the value of the properties thus affected. Therefore, the plaintiff is not bound to wait until the termination of the work and the actual occurrence of the injuries above enumerated. Why wait until the infliction of an injury which is known beforehand to occur, for abating it then? The law does not require useless things. Hence the rule which allows the plaintiff to forestall such a situation and to apply for an injunction, not for enjoining the defendant from building the tank, for it does not constitute a *nuisance per se,* but in order to prevent that it might become a nuisance from the way the same is built. Of course, for an injunction to issue, the court must be satisfied from the evidence that the injury constituting the nuisance complained of by the plaintiff will inevitably be caused, as otherwise the writ of injunction would rest on mere suspicions or possibilities more or less probable.

In *Sewerage Dist. No. 1* v. *Black,* 217 S.W. 813, 816, decided by the Supreme Court of Arkansas on January 19, 1920, cited with approval in *Jones* v. *Sewer Improvement District No. 3 of Rogers,* 19 Ark. 169, 177 S.W. 888, it was said:

"The right to construct sewers and drains implies no right to create a nuisance, public or private. It is the duty of the commissioners of the sewer district to construct the sewer so that it will not become a nuisance to any neighborhood or to any particular inhabitant thereof; and it is the duty of the city, after the sewer has been turned over to it, to avoid the same result by properly maintaining and repairing the sewer after it is constructed. . . . .

"After a careful consideration of the whole record, we are of opinion that the clear preponderance of the evidence shows that the sewer system was operated and maintained in such a way as to constitute a nuisance. Our statute authorizing cities and towns to

form improvement districts for the construction of a system of sewers did not intend to authorize the creation of a nuisance. . . . .

"The action of the defendants in negligently maintaining the sewer approximately and efficiently contributed to the nuisance. Thus the fundamental basis of all equity jurisdiction in tort manifests itself, and the right of the plaintiffs to equitable relief is clear and indisputable."

In *McPheeters* v. *McMahon*, 131 Cal. App. 418, 21 P. (2d.) 606, decided in 1933, the trial court granted a preliminary restraining order and a preliminary injunction to enjoin the opening again a short distance away from a hospital a dance hall which had been destroyed by fire. It was alleged by the plaintiff hospital that while a dance hall was conducted on the former premises disturbances were created during the balls, obscene and profane language was used and noise was produced with the motors and horns of the automobiles. The lower court granted a restraining order and a preliminary injunction. The order of the lower court was reversed on appeal on the ground that a dance hall is not a *nuisance per se* and that for the complaint to state facts constituting the cause of action prosecuted it was necessary that there should be justification for the belief that the same noises and disturbances which occurred a year back during the existence of the former hall would repeat themselves necessarily and inevitably, especially since the new hall might be conducted by somebody else who might not allow such disturbances and the dances might be patronized by people other than those who used to attend previous dances, a mere suspicion or possibility that the nuisance might take place not being sufficient justification for the issuance of an injunction. In the course of its opinion the court expressed itself as follows:

"An injunction should rarely, if ever, be issued in a doubtful case. The power should be exercised only when the right is clear, the injury impending and threatened, so as to be averted only by the protective preventive process of injunction. (*Willis* v. *Lauridson*, 161 Cal. 106, 118 Pac. 530.)"

See also *Bragg* v. *Ives,* 140 S.E. 656, decided by the Court of Appeals of Virginia on December 22, 1927.

The fact that it was alleged on information and belief that the tank shall not be covered is, in our judgment, immaterial. It is a fact which is exclusively within the judicial knowledge of the defendant and not of the plaintiff. 32 C.J. 324, sec. 536; 14 R.C.L. 334, sec. 36.

The complaint in the instant case states facts constituting the cause of action prosecuted. Therefore, the court below erred in failing to give to the plaintiff an opportunity to prove his allegations. If from the merits of the evidence the court should reach the conlusion that such Inhoff tank will actually be constructed in the way alleged by the plaintiff, it may not absolutely enjoin its construction but shall simply restrain by injunction that the same be constructed so as constitute a nuisance to the plaintiff.

From the foregoing, the judgment appealed from shall be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.