FRANCISCO I. CARRERAS, demandante y apelante, *v.* MUNICIPIO DE HUMACAO, demandado y apelado.

Núm. 8095.—*Sometido:* Enero 25, 1940. *Resuelto:* Febrero 8, 1940.

James R. Beverley, José López Baralt y Francisco González Fagundo, abogados del apelante; Miguel A. Burset, P. Pérez Pimentel y C. Ortiz Stella, abogados del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Este recurso se estableció contra una sentencia que a base de una excepción previa de insuficiencia de hechos desestimó la solicitud de *injunction* preliminar y permanente, con imposición de costas al demandante, incluyendo la cantidad de $100 por concepto de honorarios de abogado. Precisa, por consiguiente, examinar las alegaciones de la demanda a la luz del artículo 277 del Código de Enjuiciamiento Civil y de la jurisprudencia aplicable al caso.

Alega el demandante que es dueño de dos predios de terreno que describe, radicados en el barrio Río Abajo,

de Humacao; que la indicada ciudad está construyendo un sistema de alcantarillado, y con el fin de depositar las aguas sucias de dicho sistema, está construyendo un pozo de los que se conocen con el nombre de tanque "Inhoff" en una parcela de terreno de Antonio Roig, Sucrs., S. en C., que también describe; que dicho tanque "Inhoff" se está construyendo a una distancia de 103.20 metros del eje de la carretera con la cual colindan las dos fincas del demandante antes mencionadas, en la primera de las cuales está enclavada una casa de vivienda y en la otra existen también cuatro casas de vivienda y un edificio dedicado a almacén y laboratorio de la Ebrey Chemical Works, de la cual es presidente el demandante; que de acuerdo con información y creencia del demandante, el citado tanque "Inhoff" quedará al descubierto una vez terminado y será cubierto por las avenidas ordinarias del río, desparramándose por la parcela de terreno en que estará construído, todas las inmundicias y materias fecales, lo que causará perjuicios irreparables tanto al demandante como a las personas que viven en las casas de su propiedad, perjuicios que no podrán ser compensados con dinero; que las emanaciones del referido tanque "Inhoff" son perjudiciales a la salud, ofensivas a los sentidos e interrumpen el libre uso de los bienes del demandante antes descritos, constituyendo así una "perturbación"; que el Municipio de Humacao fué notificado el día anterior a la radicación de la demanda de este caso, de la oposición del demandante a que continúe dicha obra, negándose a suspenderla, estando trabajando en la misma el día de la radicación de la demanda; que el demandante carece de otro remedio adecuado que no sea el procedimiento de *injunction*, para evitar la continuación de la obra.

Termina la demanda con súplica de una sentencia que ordene al municipio demandado que por sus empleados, agentes, contratistas o personas que actúen en conexión con el mismo, se abstenga para siempre de continuar dicha obra, y en caso de continuarla, se ordene la destrucción de dicho

tanque por cuenta del demandado, con imposición de costas, y que mientras se sustancie este pleito, se dicte un *injunction* preliminar en los términos anteriormente expuestos, todo previa la prestación de la correspondiente fianza.

Tal fué en síntesis la demanda que la corte inferior desestimó por entender que no aducía hechos constitutivos de la causa de acción ejercitada.

¿Cometió error la corte *a quo* al dictar tal sentencia? Esa es la cuestión que ahora pende ante este tribunal.

El artículo 277 de nuestro Código de Enjuiciamiento Civil, a la vez que define la "perturbación" (*nuisance*), establece el remedio contra la misma. Como existe discrepancia entre los textos inglés y español, debiendo prevalecer el texto inglés por ser el indicado precepto legal de origen norteamericano, lo transcribiremos en inglés y a continuación copiaremos la versión correcta en castellano:

"Section 277.—Anything which is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the confortable enjoyment of life or property, is a nuisance, and the subject of an action. Such action may be brought by any person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance, and by the judgment the nuisance may be enjoined or abated, as well as damages recovered."

"Art. 277.—Todo lo que fuere perjudicial a la salud, indecente, u ofensivo a los sentidos, o que interrumpa el libre uso de la propiedad, de modo que impida el cómodo goce de la vida o de los bienes, constituye una perturbación que da lugar a una acción. Dicha acción podrá ser promovida por cualquier persona cuya propieded *sea afectada* o cuyo bienestar personal *sea menoscabado* por la perturbación, y la sentencia podrá prohibirla o suprimirla, así como decretar el resarcimiento de los daños y perjuicios."

El citado precepto legal no requiere, como pretende el apelado, que para impedir o evitar un *nuisance,* haya que esperar necesariamente a que el perjuicio exista. La jurisprudencia, tanto de California de donde procede el artículo 277 de nuestro Código, como la de la inmensa mayoría de los

demás Estados, señala dos casos en que puede recurrirse al *injunction* como remedio preventivo para evitar el *nuisance* antes de que tenga efecto: (1) cuando se trata de un *nuisance per se;* y (2) cuando no tratándose de un *nuisance per se,* el objeto o cosa, por la forma en que se use o maneje, pueda convertirse en un *nuisance.* En este último caso si el demandante demuestra que la cosa u objeto se usará o manejará en forma tal que necesaria e indefectiblemente se convertirá en un *nuisance,* procede el *injunction* en previsión de los daños irreparables que pueda sufrir el demandante en sus bienes o en su persona. Véanse *Pennsylvania Co.* v. *Sun Co.,* 55 A.L.R. 873, y la extensa monografía al final de dicho caso, titulada: *"Right to Enjoin Threatened or Anticipated Nuisance."*

En el caso de autos, aceptando que el tanque "Inhoff" no es un *nuisance per se,* si como alega el demandante se está construyendo a la distancia de su propiedad y en las condiciones expuestas en la demanda, no dudamos que se convertirá en un *nuisance,* pues estando el tanque descubierto, atraerá y será un criadero de moscas y despedirá malos olores, no sólo por el contenido del mismo, si que también al desparramarse por el terreno las materias fecales con motivo de las avenidas del río, todo lo cual, además de impedir a los habitantes de las casas del demandante el cómodo goce de la vida, exponiéndoles a enfermedades y molestias, disminuirá necesaria y considerablemente el valor de la propiedad así afectada. Por consiguiente, el demandante no está obligado a esperar que el demandado termine su obra y a que los perjuicios anteriormente enumerados tengan lugar. ¿A qué esperar que se cause el perjuicio que de antemano se sabe ha de tener lugar para entonces suprimirlo? La ley no exige cosas inútiles. De ahí la regla que permite al demandante anticiparse a esa situación y solicitar un *injunction,* no prohibiendo al demandado la construcción del tanque, puesto que éste no constituye un *nuisance per se,* pero sí impidiendo que por la forma en que se trata de cons-

truirlo se convierta en un *nuisance*. Claro es que para que el *injunction* proceda la corte debe quedar satisfecha por la evidencia, que indefectiblemente se han de producir los efectos constitutivos del *nuisance* de que se queja el demandante, pues de otro modo el decreto de *injunction* estaría basado en meras sospechas o posibilidades más o menos probables.

En el caso de *Sewerage District No. 1 of Siloam Springs et al.* v. *Black et al.*, 217 S. W. 813, resuelto por la Corte Suprema de Arkansas el 19 de enero de 1920 citando con aprobación el de *Jones* v. *Sewer Improvement District No. 3 of Rogers*, 19 Ark. 169, 177 S. W. 888, se dijo:

"El derecho a construir alcantarillados no implica el derecho a crear un *nuisance* público o privado. Es el deber de los Comisionados del Distrito de Alcantarillado construir dicho sistema de modo que no resulte en un *nuisance* para una vecindad o para un habitante particular de la misma; y es el deber de la ciudad, después que el alcantarillado le ha sido entregado, evitar el mismo resultado manejándolo debidamente y haciéndole reparaciones después de construído....

"Después de un detenido estudio de la totalidad del récord, somos de opinión que la clara preponderancia de la evidencia demuestra que el sistema de alcantarillado era manejado y mantenido de tal forma que constituía un *nuisance*. Nuestro estatuto, al autorizar a ciudades y pueblos a formar distritos para la construcción de un sistema de alcantarillado, no tuvo el propósito de autorizar la creación de un *nuisance*....

"La acción de los demandados al mantener negligentemente el alcantarillado, contribuyó próxima y eficientemente a la creación del *nuisance*. Así se manifiestan los principios fundamentales de la jurisdicción de equidad en materia de *torts*, y el derecho de los demandantes a un remedio en equidad es claro e indiscutible."

En el caso de *McPheeters* v. *McMahon*, 131 Cal. App. 418, 21 P. (2d) 606, resuelto en 1933, se expidió por la corte sentenciadora una orden de entredicho y un *injunction* preliminar para impedir que se abriera de nuevo a corta distancia de un hospital un salón de baile que había sido destruído por un incendio. Se alegó por el hospital demandante que

cuando existía el salón anterior se formaban escándalos en los bailes, se pronunciaban en alto voz palabras obscenas y se hacía ruido con los motores y las bocinas de los automóviles. La corte inferior concedió una orden de entredicho e *injunction* preliminar. En apelación se revocó la resolución de la corte inferior basándose en que un salón de baile no es *nuisance per se* y que para que la demanda adujese hechos constitutivos de la causa de acción ejercitada era preciso que existieran razones para creer que necesaria e indefectiblemente habían de repetirse los mismos ruidos y escándalos que se suscitaban un año antes cuando existía el anterior salón, especialmente cuando el nuevo podía estar bajo la dirección de otra persona que no permitiese tales escándalos y podían venir personas distintas de las que antes asistían a los bailes, no siendo bastante para expedir el *injunction* una simple sospecha o una mera posibilidad de que el *nuisance* pueda tener lugar. En el curso de su opinión se expresó así el tribunal:

"Raras veces debe expedirse, si es que se expide, un *injunction* en un caso dudoso. El poder de la corte sólo debe ejercitarse cuando el derecho es claro y el perjuicio inminente, evitándolo así solamente a través del proceso protector y preventivo del *injunction*. (*Willis v. Lauridson,* 161 Cal. 106, 118 P. 530.)"

Véase también el caso de *Bragg* v. *Ives,* 140 S. E. 656, resuelto por la Corte de Apelaciones de Virginia el 22 de diciembre de 1927.

El hecho de que se alegue por información y creencia que el tanque no será cubierto, carece de importancia, a nuestro juicio. Ese es un hecho que está exclusivamente dentro del conocimiento del demandado y no del demandante. 32 C. J., pág. 324, sec. 536; 14 R. C. L., pág. 334, sec. 36.

La demanda de este caso aduce hechos constitutivos de la acción que se ejercita. Por consiguiente, erró la corte inferior al no dar al demandante una oportunidad de que pruebe sus alegaciones. Si por el mérito de la prueba la corte llegare a la conclusión de que en efecto el tanque

"Inhoff" ha de construirse en la forma indicada por el demandante, no prohibirá en absoluto su construcción, sino que simplemente impedirá por medio de *injunction* que se construya en forma tal que pueda constituir un *nuisance* para el demandante.

*Por lo expuesto, procede revocar la sentencia apelada y devolver el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*