José Ortega Cabrera et al., peticionarios, *v.* Tribunal Superior, Sala de Bayamón, Hon. Erik Kolthoff, Juez, demandado; Guillermo Campos, en su carácter personal y como Alcalde del Municipio de Bayamón, interventor.

*Número:* O-72-41    *Resuelto:* 11 de septiembre de 1973

*Arturo Aponte Parés* y *Olaguibet López Pacheco,* abogados de los peticionarios; *Angel Luis Rodríguez Ramos,* abogado del interventor; y, *Faustino R. Aponte, Faustino Aponte Parés, William J. Riefkohl, Iván García Kuenzli* y. *René F.* `Sotomayor,* abogados de los *amici curiae.*

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

El Art. 678 del Código de Enjuiciamiento Civil dispone que no podrá dictarse un acto de *injunction* contra un organismo o funcionario público para impedir la aplicación de una ley o el cumplimiento de cualquier actuación autorizada por ley. 32 `L.P.R.A. sec. 3524. ¿Prohibe esta disposición expedir un auto de *injunction* contra un alcalde para paralizar la construcción de un vertedero cuando se alegan hechos

suficientes para demostrar que dicho vertedero puede constituir un estorbo?

Resolvemos que no lo prohibe. Veamos primero el historial del caso para luego exponer los fundamentos de nuestra decisión.

Varios vecinos de los barrios Buena Vista y Ortiz de Toa Alta instaron una demanda de *injunction* contra el Municipio de Bayamón y el entonces alcalde de ese municipio, señor Guillermo Campos, para impedirles la construcción y operación de un vertedero. Alegaron que en el lugar donde se estaba construyendo el vertedero existían pozos y manantiales de aguas puras desde hacía 50 años los cuales se usan por los demandantes y otros vecinos de los mencionados barrios; que el vertedero afectaría la pureza de las aguas y secaría los manantiales y pozos; que no tienen un remedio rápido y eficaz para proteger sus derechos y que los daños que han sufrido y que están sufriendo son irreparables. Posteriormente el peticionario José Ortega Cabrera solicitó al tribunal de instancia como remedio provisional una orden de entredicho para paralizar la inauguración del vertedero que había sido anunciada públicamente por el alcalde. En la solicitud alegó que "sufrirá daños irreparables ya que las aguas que usan estarían contaminadas por los desperdicios y basuras del vertedero; y en su consecuencia se contaminaría el Río La Plata donde desemboca el riachuelo que nace en el vertedero." Se opuso el alcalde a la solicitud bajo el fundamento de que el *injunction* solicitado no procedía en derecho por prohibirlo específicamente el Art. 678 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 3524.

El tribunal de instancia denegó el remedio provisional concluyendo que "la actuación del demandado municipio de Bayamón y su alcalde el Hon. Guillermo Campos, está comprendida dentro de las actuaciones que el Legislador quiso proteger al prohibir que se expidiera un *injunction* por el tribunal a menos que se hubiera determinado por sentencia final, firme,

inapelable e irrevisable, que dicha Ley o actuaciones autorizadas bajo la misma, resultan inválidas e inconstitucionales."

Aunque la resolución denegatoria se refiere a la orden de entredicho provisional es evidente que también tuvo el efecto de denegar el auto de *injunction*. El fundamento utilizado por el tribunal para denegar la orden de entredicho, si fuera correcto, también sería de forzoza aplicación para denegar la expedición del auto y desestimar, por ende, la demanda. Ello es así porque el impedimento estatuido en el mencionado Art. 678 se refiere tanto al entredicho provisional como al auto de *injunction*. Podemos considerar pues, que la resolución recurrida tuvo también como efecto la desestimación de la demanda.

El Art. 678 prescribe en lo aquí pertinente que:

"No podrá otorgarse un *injunction* ni una orden de entredicho:

1. .

2. .

3. Para impedir la aplicación u observancia de cualquier ley de la Asamblea Legislativa de Puerto Rico, o el cumplimiento de cualquier actuación autorizada por ley de la Asamblea Legislativa de Puerto Rico, de un funcionario público, de una corporación pública o de una agencia pública . . . a menos que se hubiere determinado por sentencia final, firme, inapelable e irrevisable, que dicha ley o actuación autorizada por ley es inconstitucional o inválida." 32 L.P.R.A. sec. 3524.

A primera vista es evidente que el Legislador quiso alentar con este artículo una administración pública ordenada, prohibiendo el uso del auto de *injunction* para impedir el descargo de funciones de ley por funcionarios y organismos públicos. Es buena norma de administración pública que los funcionarios responsables de poner en vigor las leyes no deben ser entorpecidos en tan importante función de beneficio público salvo cuando se hubiera determinado previamente por sentencia final y firme la inconstitucionalidad de la ley o de

616

la actuación de un funcionario al amparo de la misma. El precepto así estatuido viene a complementar la norma de prudencia judicial de que las leyes se presumen constitucionales.

■ Consideramos, sin embargo, que la prohibición del Art. 678 no es de aplicación al presente caso. No se impugna aquí la constitucionalidad de una ley o de una actuación autorizada por ley. Tampoco se ataca la facultad del Municipio de Bayamón para construir vertederos. Los peticionarios invocan la protección del *injunction* para impedir la construcción de un vertedero que, de acuerdo con las alegaciones, podría constituir un estorbo. Alegan la perturbación de un derecho de aprovechamiento de aguas que encuentra apoyo en los Arts. 346 y 348 del Código Civil, y en el Art. 8 de la Ley de Aguas. 31 L.P.R.A. secs. 1351 y 1354, 12 L.P.R.A. sec. 525. (¹) Estas disposiciones reglamentan el aprovechamiento de las aguas, disponiendo para la adquisición del derecho al uso permanente cuando las aguas se hubieren utilizado sin interrupción por tiempo de 20 años. Todas estas alegaciones, por supuesto, deberán ser sustanciadas por la prueba.

■ La causa de acción ejercitada por los peticionarios se funda en las disposiciones del Art. 277 del Código de Enjuiciamiento Civil, el cual provee:

---

(¹) Los Arts. 346 y 347 del Código Civil proveen:

"El dueño de un predio en que nace un manantial o arroyo, continuo o discontinuo, puede aprovechar sus aguas mientras discurran por él, pero las sobrantes entran en la condición de públicas, y su aprovechamiento se rige por la Ley especial de Aguas, secs. 501 et seq. del Título 12.—Código Civil, 1930, art. 346."

"El dominio privado de los álveos de aguas pluviales no autoriza para hacer labores u obras que varíen su curso en perjuicio de tercero, ni tampoco aquéllas cuya destrucción por la fuerza de las avenidas, pueda causarlo.—Código Civil, 1930, art. 347."

El Art. 8 de la Ley de Aguas dispone:

"El derecho a aprovechar indefinidamente las aguas de manantiales y arroyos se adquiere por los dueños de terrenos inferiores, y en su caso de los colindantes cuando los hubieren utilizado sin interrupción por tiempo de veinte años.—Ley de Aguas, art. 8; Marzo 12, 1903, p. 151. . . ."

"Todo lo que fuere perjudicial a la salud, indecente u ofensivo a los sentidos, o que interrumpa el libre uso de la propiedad, de modo que impida el cómodo goce de la vida o de los bienes, constituye una perturbación que da lugar a una acción. Dicha acción podrá ser promovida por cualquiera persona cuyos bienes hubieren sido perjudicados o cuyo bienestar personal resulte menoscabado por dicha perturbación; y la sentencia podrá ordenar que cese aquélla así como decretar el resarcimiento de los perjuicios. —Código Enj. Civil, 1933, art. 277."

Dicha causa de acción tiene un propósito dual: el cese del estorbo mediante el *injunction* y la reparación de los daños ocasionados por el estorbo. Cualquier persona cuyos bienes hubieren sido perjudicados o cuyo bienestar personal resulte menoscabado por el estorbo puede promover esta causa de acción. Se trata de salvaguardar el derecho de propiedad, la seguridad y la salud de los ciudadanos. Derechos tan fundamentales que sólo deben ser interferidos por una razón mayor de estado, y, aun en estos casos, debe observarse el debido procedimiento de ley. *Cf. Warner Lambert Co.* v. *Tribunal Superior*, 101 D.P.R. 378 (1973); *Cervecería Corona, Inc.* v. *Srio. Obras Públicas*, 97 D.P.R. 44 (1969); *E.L.A.* v. *Márquez*, 93 D.P.R. 393 (1966).

██ Es por eso que se ha reconocido la facultad de los tribunales para dictar autos de *injunction* contra el Estado o sus instrumentalidades con el propósito de remover estorbos. *Carreras* v. *Municipio*, 56 D.P.R. 95 (1940); *Wilson* v. *City of Portland*, 58 P.2d 257; McQuillin, XVII *The Law of Municipal Corporations*, secs. 4951 a 4955 (3ra. ed. 1958). Véanse además, Anno: *Public Dump As Nuisance*, 52 A.L.R. 2d 1136, Anno: *Sewage Disposal Plant As a Nuisance*, 40 A.L.R.2d 1177.

Al igual que cualquier ciudadano los municipios quedan sujetos a la jurisdicción del tribunal para dictar autos de *injunction* cuando sus actos constituyen o puedan constituir un estorbo. El Art. 277 no hace excepción. Exceptuarlos de esta facultad judicial por el hecho de que sus actos estén

autorizados por ley podría constituir una privación de la propiedad sin el debido proceso de ley y podría dar margen a graves injusticias contra los ciudadanos.

▇ Debe tenerse presente que el auto de *injunction* es el brazo enérgico de la justicia para la protección de los ciudadanos contra los desmanes de los funcionarios públicos que actuando so color de autoridad les causan daño irreparable. La convivencia social se torna cada día más azarosa y compleja como resultado del desarrollo económico y del creciente urbanismo. La salud, la seguridad y el bienestar personal y colectivo se ven constantemente amenazados por estorbos de diversos grados; algunos continuos otros esporádicos; unos y otros de mayor o menor justificación social; todo lo cual requiere flexibilidad en el remedio judicial para la adecuada protección de los intereses individuales y del desarrollo gradual de la sociedad. Por eso, al considerar la expedición del auto el tribunal debe ponderar la naturaleza de los derechos individuales afectados frente al valor y utilidad social de la obra pública en cuestión.

La Ley Municipal confiere amplios poderes a los municipios para el desarrollo y construcción de obras públicas. Art. 7, Ley Núm. 142 de 21 de julio de 1960, 21 L.P.R.A. sec. 1107. (²) No tenemos duda de que estos poderes son necesarios para la promoción del bien común, pero no por eso deben ejercitarse en detrimento de los derechos individuales y, menos aún, cuando esos derechos son especialmente protegidos por la ley, como lo son en este caso por el Art. 277,

---

² El Art. 7 de la Ley Municipal dispone:
"  .      .      .      .      .      .      .      .

En el ejercicio de estos poderes tendrán además, amplias facultades para, entre otras cosas, adquirir, construir, mejorar y reconstruir obras públicas, de todos los tipos y de cualquier naturaleza, y tendrán además amplias facultades legislativas y administrativas en todos los asuntos de beneficio general para el municipio incluyendo, pero sin limitar, *la facultad de adquirir, construir, mejorar y reconstruir obras públicas de todos los tipos, incluyendo, pero sin limitarse* a facilidades . . . de saneamiento. . . ." 21 L.P.R.A. sec. 1107.

supra. Nada dice la Ley Municipal sobre cómo, dónde y cuándo deberán llevarse a cabo las obras públicas que autoriza. Estos son los detalles que generalmente el legislador delega al buen juicio de los funcionarios públicos. Es claro que la autorización legislativa puede cumplirse sin necesidad de constituir un estorbo en perjuicio de los derechos individuales. Es propio asumir que la Asamblea Legislativa quiso que su autorización se cumpliera en conformidad con esos derechos. De otra manera el Art. 277 resultaría letra muerta.

■ Por otro lado, hemos resuelto que la prohibición del Art. 678 requiere que el funcionario público al poner en vigor el estatuto no actúe contrario a la ley, o en exceso de la facultad conferídale por la ley y que utilice los medios autorizados por ley. Véanse *Las Monjas Racing Corp.* v. *Comisión Hípica,* 67 D.P.R. 45 (1947) y *White Star Bus Line, Inc.* v. *Sánchez,* 59 D.P.R. 748 (1942).

El mantenimiento de un estorbo no sólo es contrario a las disposiciones del Art. 277 del Código de Enjuiciamiento Civil sino también puede constituir un delito bajo los Arts. 329 y 330 del Código Penal. 33 L.P.R.A. secs. 1365 y 1366. Estos artículos definen como delito el mantener un estorbo público y establecen la penalidad.

No estamos resolviendo aquí si procede o no el *injunction* contra el Municipio de Bayamón. Esto dependerá de la prueba que en su día se presente ante el tribunal de instancia y de la ponderada consideración de las normas que reglamentan la expedición del auto. Sólo resolvemos que la prohibición estatuida en el Art. 678 del Código de Enjuiciamiento Civil, *supra,* no priva de jurisdicción al tribunal de instancia para expedir autos de *injunction* contra instrumentalidades públicas en casos de estorbos.

Conviene puntualizar que la expedición del auto nunca debe extenderse más allá de lo necesario para la remoción del estorbo. *Cf. Figueroa Velázquez* v. *A.A.A.,* 99 D.P.R. 105 (1970).

*Se dictará sentencia revocando la resolución recurrida y se devolverá el caso al tribunal de instancia para ulteriores procedimientos consistentes con lo aquí expuesto.*