# 95 DTA 86

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE SAN JUAN**

RAFAEL BLANCO SANTANA, FREDDY BLANCO SANTANA, ROBERTO BLANCO
SANTANA, LUIS ACOSTA, TIRSO TATIS CUELLO, FELIPE ESCUDERO, PABLO BAEZ,
JULIO PEÑA, Y NICOLAS MATA RODRIGUEZ
Peticionarios

v.

MUNICIPIO DE SAN JUAN, REPRESENTADO POR EL
HONORABLE HECTOR LUIS ACEVEDO (ALCALDE DE SAN JUAN);
POLICIA DE PUERTO RICO, REPRESENTADA POR EL SUPERINTENDENTE
PEDRO TOLEDO Y LA GUARDIA MUNICIPAL DE SAN JUAN
Recurridos

Núm. KLCE-95-00186

San Juan, Puerto Rico, a 12 de mayo de 1995

Panel integrado por su presidente, Juez Rossy García,
y los Jueces Aponte Jiménez y Negroni Cintrón

Rossy García, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

El recurso instado en el caso de epígrafe interesa la revisión de un dictamen del Tribunal de Primera Instancia, Sala Superior de San Juan, emitido y notificado a las partes el 7 de marzo de 1995.

Mediante éste el tribunal denegó el remedio interdictal solicitado por los peticionarios y acogió la demanda instada como una solicitud de sentencia declaratoria, ello para disponer la continuación del trámite por la vía ordinaria de los procedimientos 

Denegada como fue una Moción de Reconsideración oportunamente presentada, los peticionarios instaron el recurso que nos ocupa argumentando en síntesis, que el Tribunal de Primera Instancia erró al denegar de plano las solicitudes de entredicho provisional e *injunction* preliminar y determinar que las alegaciones contenidas en la demanda por ellos incoada eran insuficientes para invocar el remedio interdictal interesado. Encontrándonos en condición de dictaminar luego de un cuidadoso análisis del recurso instado a la luz del derecho aplicable y la jurisprudencia interpretativa, resolvemos que resulta procedente denegar la expedición de auto solicitado.

Para colocar el dictamen recurrido en correcta perspectiva, veamos los hechos y circunstancias que dieron base al mismo, según surge de la totalidad del expediente ante nuestra consideración.

I

El 22 de febrero de 1995 el Hon. Héctor Luis Acevedo, Alcalde de San Juan, aprobó la Ordenanza Municipal Número 14, serie 1994-95, enmendando la codificación penal creada por la Ordenanza Número 10, serie 1984-85. Mediante dicha enmienda, efectiva el 7 de marzo de 1995, se incorpora el artículo 2-20, el cual dispone la demarcación de una franja territorial dentro del barrio de Río Piedras, jurisdicción de San Juan, para prohibir durante un año y de manera experimental el despacho, expendio, venta y consumo de bebidas alcohólicas todos los días, desde las doce de la madrugada (12:00 a. m.) hasta las siete de la mañana (7:00 a.m.), en los negocios y establecimientos comerciales comprendidos dentro de la demarcación territorial prescrita. La ordenanza en cuestión dispone textualmente lo siguiente:

*"POR CUANTO: El área de Río Piedras se ha convertido, especialmente de noche, en un área peligrosa y de alta incidencia delictiva, lo que opera en perjuicio de sus residentes y de las personas que la visitan;*

*POR CUANTO: Se han recibido numerosas quejas de ciudadanos que no pueden descansar, aún después de la medianoche, debido a ruidos procedentes de algunos negocios dedicados a la venta y/o lugar de consumo de bebidas alcohólicas, que propician un ambiente urbano nocivo a la adecuada y pacífica vida civil;*

*POR CUANTO: El alcance de la problemática [sic] propiciada por el consumo irrestricto de bebidas alcohólicas en Río Piedras se evidencia en la profunda y prolongada merma en la calidad de vida de dicho sector, ya extendida a sus ámbitos sociales, económicos, culturales, educativos, de salud y urbanidad;*

*POR CUANTO: Para contrarrestar esta situación, es necesario y conveniente tomar medidas dirigidas a restituir la salud urbana del Barrio de Río Piedras, entre las cuales se encuentra la de la limitación del expendio de bebidas alcohólicas;*

*POR CUANTO: La Asamblea Municipal posee amplios poderes legislativos para regular todo asunto que fuere de naturaleza municipal, los cuales debe ejercer cuando así lo requieran el orden y la seguridad pública para propiciar el progreso de dicha área y la restitución de la paz;*

*POR TANTO: ORDENASE POR LA ASAMBLEA MUNICIPAL DE SAN JUAN, PUERTO RICO:*

*Sección 1ra.: Enmendar, como por la presente se enmienda, la Codificación Penal creada por la Ordenanza Núm. 10, serie 1984-85, según enmendada, para añadir el artículo 2-20 para que lea como sigue:*

*"ARTICULO 2-20 - "Prohibir, por un período experimental de un año, el despacho, expendio, venta y consumo de bebidas alcohólicas, todos los días desde las doce de la noche (12:00 p.m.) [sic] hasta las siete de la mañana (7:00 a.m.), en los negocios y establecimientos comerciales ubicados en el área del pueblo de Río Piedras, comprendida dentro de los siguientes linderos: al Oeste, la Avenida Muñoz Rivera; al Sur, la Avenida 65 de Infantería; al Este, la Avenida Barbosa, y al Norte, el Expreso Jesús T. Piñero. Quedan excluidas de esta prohibición todos los negocios o establecimientos comerciales ubicados en las avenidas antes mencionadas."*

*Sección 2da.: Cualquier infracción a las normas y disposiciones indicadas en el Artículo 2-20 será castigada con una multa de quinientos (500.00) dólares, o prisión máxima de seis (6) meses, o ambas penas, a discreción del Tribunal.*

*Sección 3ra.: Por la presente, se declara que las disposiciones de estos artículos y secciones reglamentarios [sic] son separables e independientes, y si cualquier sección, párrafo, oración o cláusula fuera declarado [sic] nulo por cualquier tribunal de [sic] jurisdicción, la decisión de dicho tribunal no afectará la validez de otra sección, artículo, oración o cláusula de los mismos."*

El 6 de marzo de 1995, un (1) día antes de la fecha de vigencia de la ordenanza antes transcrita, los aquí peticionarios, todos ellos propietarios de negocios ubicados en la demarcación territorial dispuesta por la ordenanza, radicaron en el Tribunal de Primera Instancia, Sala Superior de San Juan, una *"Demanda de Injunction Permanente, Solicitud de Interdicto Provisional y Preliminar"*. ■ En apoyo de su solicitud, los peticionarios adelantaron varios argumentos, entre los cuales se destacan los siguientes: que la demarcación territorial establecida por la ordenanza es arbitraria, caprichosa y en esa medida violatoria de la igual protección de la leyes y del debido proceso de ley, ya que penaliza a ciertos comerciantes por vender bebidas alcohólicas durante ciertas horas a la vez que permite que comerciantes de sectores aledaños lleven a cabo la misma actividad que la ordenanza penaliza; que tal distinción entre comerciantes de uno y otro sector constituye una clasificación *"sospechosa"* proscrita por nuestra Constitución; que no existe una relación racional entre el medio utilizado por la Asamblea Municipal (penalización de cierta actividad) · y el objetivo o propósito que se pretende lograr (combatir la criminalidad y mejorar la calidad de vida de Río Piedras); que la Asamblea Municipal carece de autoridad para realizar experimentos mediante la aprobación de disposiciones penales; que la ordenanza interfiere impermisiblemente con los derechos de propiedad y libertad de los dueños de los negocios afectados; que de entrar en vigor la referida ordenanza, los peticionarios sufrirían un daño irreparable, pues los privaría de su medio de vida y los convertiría en víctimas de competencia desleal; y, finalmente, que habida cuenta de la naturaleza experimental y duración limitada de la ordenanza, existe el riesgo de que la controversia se torne académica si se tramita por el cauce ordinario, por cuanto el remedio interdictal resulta ser el único adecuado.

Por los fundamentos que a continuación exponemos, resolvemos que no le asiste la razón a los peticionarios.

## II

Como regla general, existe en nuestro ordenamiento jurídico una prohibición legal para otorgar *injunctions* u órdenes de entredicho■ *"[p]ara impedir la aplicación u observancia de cualquier ley de la Asamblea Legislativa de Puerto Rico, o el cumplimiento de cualquier actuación autorizada por ley de la Asamblea Legislativa de Puerto Rico, de un funcionario público, de una corporación pública, o de una agencia pública, o de cualquier empleado o funcionario de dicha corporación o agencia, a menos que se hubiera determinado por sentencia final, firme, inapelable e irrevisable que dicha ley o actuación autorizada por ley es inconstitucional o inválida."* Art. 678 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 3524, inciso (3). Ahora bien, a manera de excepción, y sujeto a los términos de la Regla 57 de Procedimiento Civil, la ley permite a los tribunales dictar órdenes de entredicho provisional, *injunction* preliminar o permanente *"cuando en la petición se alegue que alguna persona, bajo la autoridad de alguna ley, ordenanza, o reglamento del Estado Libre Asociado de Puerto Rico, esté privando o sea el causante de que alguien esté privando al peticionario de algún derecho, privilegio o inmunidad protegido por la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o por la Constitución o leyes de los Estados Unidos de América que sean aplicables a las personas bajo la jurisdicción del Estado Libre Asociado*

*de Puerto Rico." Id.* Esta disposición es de aplicación a las ordenanzas aprobadas por los municipios. *Pacheco Fraticelli v. Cintrón Antonsanti,* 122 D.P R. 229, 238 (1988). No obstante, el propio Artículo 678 dispone a continuación que al dictar dicha orden, *"el tribunal debe considerar el interés público envuelto y concluir que la parte peticionaria tiene una posibilidad real de prevalecer en los méritos de su petición".* Podemos así afirmar, como bien se ha resuelto, *"que la concesión de un interdicto o un injunction preliminar descansa en la sana discreción del tribunal y que, por su naturaleza extraordinaria, el remedio interdictal sólo debe concederse con gran cautela y en aquellos casos en que la necesidad y las razones para expedirlo sean claras",* resultando improcedente la concesión de tal remedio cuando existe disputa en cuanto al derecho envuelto y el derecho del demandante no es claro y sí dudoso. José A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil,* Vol. II, **Publicaciones J.T.S.** (1989), pág. 377. En armonía con estos principios se ha resuelto que en casos en los cuales se pretende evitar, mediante *injunction,* la implantación o vigencia de una ley por ser alegadamente contraria a la Constitución, la inconstitucionalidad de la ley debe ser clara para que se justifique la acción judicial impidiendo su puesta en vigor. *West India Oil Co. v. Benítez Cataño, Admor.,* 51 D.P.R. 273, 283 (1937). Tampoco debe cuestionarse, como bien reconocen los peticionarios, la facultad de los tribunales para desestimar de plano acciones interdictales aún sin oír a la parte demandada.█

Apropiado resulta en esta etapa señalar que la jurisprudencia de nuestro Tribunal Supremo ha establecido cinco criterios que deben guiar la discreción judicial en la determinación de conceder o denegar la expedición de un auto de *injunction.* Estos son:

1. la naturaleza de los daños que pueden ocasionárseles a las partes de concederse o denegarse el *injunction;*

2. su irreparabilidad o la existencia de un remedio adecuado en ley;

3. la probabilidad de que la parte promovente prevalezca eventualmente al resolverse el litigio en su fondo█

4. la probabilidad de que la causa se torne académica de no concederse el *injunction;* y, sobre todo,

5. el posible impacto sobre el interés público del remedio que se solicita. *Puerto Rico Telephone Co. v. Tribunal Superior,* 103 D.P.R. 200, 202 (1975); *A.P.P.R. v. Tribunal Superior,* 103 D.P.R. 903, 906907 (1975); *Municipio de Ponce v. Roselló González,* ___ D.P.R. ___ (1994), **94 J.T.S. 112,** a la pág. 71.

A la luz del trasfondo doctrinal expuesto, veamos las circunstancias particulares del caso que nos ocupa, para determinar si nos encontramos frente a un ejercicio arbitrario de discreción que justifique nuestra intervención para revocar o modificar el dictamen recurrido. En el proceso debemos tener presente que por descansar la concesión del interdicto en la sana discreción del tribunal, que ha de ejercitarse en cuidadosa ponderación del interés de todas las partes, su concesión o denegatoria no debe ser revocada en apelación en ausencia de abuso de discreción.█

### III
Según indicado, la expedición de un *injunction* debe estar precedida de una cuidadosa ponderación de los intereses en conflicto, la naturaleza de los daños que puedan ocasionárseles a las partes de concederse o denegarse el *injunction,* el impacto del remedio solicitado sobre el interés público y la probabilidad de que el promovente prevalezca en los méritos. En el caso que nos ocupa al ponderar los intereses de las partes se hace evidente que la concesión del remedio interdictal solicitado sin un pronunciamiento declaratorio del

tribunal adjudicando mediante sentencia los fundamentos de impugnación aducidos, tendría el efecto de privar al gobierno municipal de la oportunidad de implantar una ordenanza que fue aprobada con la finalidad de mejorar la calidad de vida, el bienestar y la seguridad de los residentes y visitantes del casco de Río Piedras, ello en el ejercicio de la facultad y autoridad del Municipio de San Juan para reglamentar los aspectos de seguridad pública, la salud, la moral pública y la paz y tranquilidad de la comunidad. *Vélez v. Municipio de Toa Baja,* 109 D.P.R. 369, 376 (1980)█ Por otro lado habrá de afectar los intereses económicos de los peticionarios en tanto deberán limitar su actividad comercial de conformidad al horario prescrito en la ordenanza.

En este proceso no podemos tampoco hacer abstracción de la realidad, ya reconocida por el Tribunal Supremo, de que en Puerto Rico la proliferación de negocios dedicados al expendio de bebidas alcohólicas y el gran número de consumidores de las mismas generan problemas que alcanzan serías proporciones.

Por ello, la responsabilidad de enfrentar estos males de acuerdo con la situación imperante en cada comunidad se ha delegado en los municipios. *Vélez v. Municipio de Toa Baja, supra.* Concluimos así que en ausencia de controversia en cuanto a la facultad y autoridad de la Asamblea Municipal de San Juan para aprobar la ordenanza que es objeto de impugnación y luego de ponderar los intereses en conflicto, ninguna duda debe existir en cuanto a que el interés público perseguido mediante la aprobación de ésta, a saber, el mejoramiento de la calidad de vida y la seguridad pública de los ciudadanos del casco de Río Piedras, debe prevalecer sobre el perjuicio alegado por los peticionarios en ausencia de un pronunciamiento declaratorio que adjudique con finalidad los fundamentos de impugnación aducidos. Al evaluar el posible impacto del remedio que se solicita sobre el interés público, éste último prevalece claramente sobre el interés de los peticionarios.

Por otro lado, debemos considerar la probabilidad de que los peticionarios prevalezcan en la adjudicación final del caso, criterio que en el caso que nos ocupa tiene que estar cimentado en dos premisas fundamentales. La primera, que el concepto *"poder de razón de estado"* que se define como *"aquel poder inherente al estado que es utilizado por la Legislatura para prohibir o reglamentar ciertas actividades con el propósito de fomentar o proteger la paz pública, moral, salud y bienestar general de la comunidad, [...] puede delegarse a los municipios",* Op. Sec. Just. Núm. 33 de 1984, que son criaturas de la Asamblea Legislativa,█ para atender de manera más efectiva *"el bienestar social y económico de un conglomerado social específico, de acuerdo con sus necesidades y urgencia en particular."* Colón v. Municipio de Guayama, 114 D.P.R. 193, 199 (1983). (Subrayado nuestro). Así, la Ley de Municipios Autónomos, Ley Núm. 81 de 30 de agosto de 1991, define el municipio como *"la entidad jurídica de gobierno local, subordinada a la Constitución del Estado Libre Asociado de Puerto Rico y a sus leyes, cuya finalidad es el bien común local y, dentro de éste y en forma primordial, la atención de asuntos, problemas y necesidades colectivas de los habitantes del mismo."* 21 L.P.R.A. sec. 4003. Tal intervención de los municipios con la persona y la vida comunitaria ha sido reconocida y sancionada por nuestro Tribunal Supremo como un fenómeno normal dentro de nuestro esquema gubernamental. *Pacheco Fraticelli v. Cintrón Antonsanti supra,* a la pág. 236. Por su parte, la Asamblea Legislativa, al aprobar la Ley 81, *supra,* dispuso de manera inequívoca que *"[e]l municipio tendrá poder para aprobar y poner en vigor ordenanzas conteniendo penalidades por violaciones a las mismas con penas de multa no mayor de quinientos (500) dólares o penas de reclusión de hasta un máximo de seis (6) meses, o ambas penas:a discreción del tribunal."* 21 L.P.R.A. sec. 4053. En consecuencia, no debe existir duda alguna en cuanto a la autoridad de los municipios para adoptar medidas dirigidas a promover la paz, la seguridad pública y el bienestar social, finalidades que se persiguen mediante la ordenanza que es objeto de impugnación por los peticionarios.

La segunda premisa consiste en que, contrario a lo alegado por los peticionarios, la ordenanza en cuestión no establece clasificaciones sospechosas, ██ sino que establece una diferenciación en el ámbito de la reglamentación de tipo socioeconómica. Siendo ello así, el método de análisis para estos casos es el de escrutinio mínimo o de nexo racional, *Vélez v. Secretario de Justicia,* 115 D.P.R. 533 (1984), en virtud del cual el estatuto impugnado se presume constitucional, bastando que el Estado tenga un interés legítimo y que el propósito que se persigue guarde una relación razonable con la ley. *"Este propósito, sin embargo, no tiene que haber sido articulado ni expresado en la misma. La doctrina sólo exige que pueda identificarse un propósito concebible; esto es, cualquier situación o propósito que concebiblemente justifique el estatuto". Ramos Acevedo v. Tribunal Superior,* ___ D.P.R. ___ (1993), **93 J.T.S. 96,** a la pág. 10822, y casos allí citados.

Al examinar la situación particular del caso que nos ocupa a la luz de los principios antes reseñados y las alegaciones de la demanda ante el foro de instancia, ciertamente existe disputa y no están claros los derechos envueltos. Ello aunque no significa que los peticionarios tengan o no posibilidades de prevalecer en los méritos de este caso, lo que no nos corresponde aquí adjudicar, ciertamente constituye base para el ejercicio de la discreción en el proceso decisional de conceder o denegar el remedio de naturaleza interdictal interesado por los peticionarios. Concluimos en consecuencia que no nos encontramos frente a un caso de abuso de discreción o error craso que justifique la expedición de auto solicitado para intervenir con el dictamen recurrido.

## IV

Por último y dirigiendo nuestra atención a los señalamientos de los peticionarios a los efectos de que el artículo 15.0002 de la Ley de Municipios Autónomos, 21 L.P.R.A. sec. 4902, constituye base suficiente para la concesión del remedio interdictal por ellos solicitados, tampoco les asiste la razón. Basta una lectura de la disposición de ley por ellos invocada para concluir que la misma no tiene mayor alcance que conferir jurisdicción exclusiva al Tribunal Superior para entender y resolver controversias, entre otras, de la naturaleza de la promovida por los peticionarios y que dio base al dictamen recurrido, reconociendo la autoridad de dicho tribunal para suspender la ejecución de cualquier ordenanza, resolución, acuerdo u orden de la Asamblea, del Alcalde, de la Junta de Subastas o de cualquier funcionario municipal que lesione derechos garantizados por la Constitución o por las leyes estatales. ██ Obviamente ello no tiene el alcance de privar al tribunal de discreción para denegar en casos apropiados una solicitud de naturaleza interdictal para ordenar la continuación del trámite por la vía ordinaria de los procedimientos.

Para concluir debemos también señalar que el mecanismo de la sentencia declaratoria al que se hace referencia en el dictamen recurrido constituye vehículo procesal apropiado como mecanismo de solución a planteamientos constitucionales. *Asociación de Periodistas v Lic. Martín González y Otros,* ___ D.P.R. ___ (1991), **91 J.T.S. 4**, a la pág. 8291. Además, la Regla 59.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, sobre sentencias declaratorias, procedimiento al que el juez de instancia remitió la reclamación de los peticionarios, dispone en su oración final que *"[e]l tribunal podrá ordenar una vista rápida de un pleito de sentencia declaratoria, dándole preferencia en el calendario".* Por su parte la Regla 59.2 dispone en su inciso (a), en lo pertinente, que toda persona *"**cuyos derechos,** estado u otras relaciones jurídicas fuesen afectados por un estatuto, **ordenanza municipal,** contrato o franquicia, **podrá solicitar una decisión sobre cualquier divergencia en la interpretación o validez de dichos estatutos, ordenanzas [...] y además que se dicte una declaración de los derechos, estados u otras relaciones jurídicas que de aquéllos se deriven. [...]"* (Subrayado nuestro). Corresponderá pues a los peticionarios solicitar del tribunal la dilucidación de los méritos de su reclamación con celeridad y a éste considerar y resolver la controversia con diligencia, dando virtualidad al mandato de dicha regla que es cónsono con lo preceptuado en la Regla 1 que enuncia que el propósito de las Reglas de Procedimiento Civil no es otro que

garantizar un proceso judicial justo, rápido y económico.

## V

Por los fundamentos antes expuestos, se deniega la expedición del auto solicitado.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

## ESCOLIOS 95 DTA 86

**1.** Véase Apéndice de la Solicitud de *Certiorari*, pág 20.

**2.** Véase pág. 23, Apendice V a petición de *Certiorari*.

**3.** Véase Apéndice de la Solicitud de Revisión, pág. 4.

**4.** Sabido es que *"[e]l remedio extraordinario de injunction se caracteriza por su perentoriedad, por su acción dirigida a evitar un daño inminente o a restablecer el régimen de ley conculcado por conducta opresiva, ilegal o violenta del transgresor del orden jurídico. Su eficacia descansa en su naturaleza sumaria y su pronta ejecución [...]"*. *Peña y Federación de Esgrima de P.R.*, 108 D.P.R. 147, 154 (1978). Véase además, *Ortega Cabrera v. Tribunal Superior*, 101 D.P.R. 612, 618 (1973).

**5.** Véase Petición de *Certiorari*, pág. 7.

**6.** Con respecto a este criterio y según ya indicado el propio artículo 678 del Código de Enjuiciamiento Civil, *supra*, dispone de manera clara y sin ambages que *"al dictar [una orden concediendo o denegando un injunction] el tribunal debe considerar **el interés público envuelto y concluir que la parte peticionaria tiene una posibilidad real de prevalecer en los méritos de su petición."*** (Subrayado nuestro).

**7.** Desde luego, en el ámbito judicial, discreción *"... no significa poder para actuar de una forma u otra, haciendo abstracción del resto del Derecho..."*. *Pueblo v. Sánchez González*, 90 D.P.R. 197, 200 (1964). Discreción significa que el funcionario llamado a ejercerla debe utilizar su prudencia al aplicar criterios previamente establecidos por autoridad de ley o reglamento, es decir, sin tener que aplicar tales criterios mecánicamente. *Board of Pardons v. Allen*, 482 U.S. 369, 375-376 (1987). (Traducción nuestra).

**8.** La Ley de Municipios Autónomos, Ley Núm. 81 de 30 de agosto de 1991, según enmendada, dispone en su artículo 2.001, inciso (o), como sigue:

*"El municipio tendrá los poderes necesarios y convenientes para ejercer todas las facultades correspondientes a un gobierno local y lograr sus fines y funciones. Además de los dispuestos en este subtítulo o en cualesquiera otras leyes, los municipios tendrán los siguientes poderes:*

*[ ....]*

*(o) Ejercer el poder legislativo y el poder ejecutivo en todo asunto de naturaleza municipal que redunde en el bienestar de la comunidad y en su desarrollo económico, social y cultural, en la protección de la salud y seguridad de las personas, que fomente el civismo y la solidaridad de las comunidades y en el desarrollo de obras y actividades de interés colectivo con sujeción a las leyes aplicables."*

**9.** Véase Constitución del Estado Libre Asociado de Puerto Rico, Art. VI, sec. 1.

**10.** Las clasificaciones *"sospechosas"* en nuestro ordenamiento se limitan a aquéllas que establecen distinciones

y trato desigual por razón de raza, color, sexo, origen, condición social, ideas políticas o religiosas y nacionalidad y aquéllas que afectan derechos fundamentales. Véase *De Paz Lisk v. Aponte Roque,* 124 D.P.R. 472, 486-487 (1989). El método de análisis en estos casos es el de escrutinio estricto, mediante el cual la ley o reglamento que establece la clasificación se presume inconstitucional, por lo que el Estado tiene el peso de probar que existe un interés apremiante que justifica el trato desigual y que el medio utilizado es el menos oneroso para lograr el interés estatal apremiante. *Zachry International v. Tribunal Superior,* 104 D.P.R. 267, 277 (1975).

11. En lo pertinente dispone el Art. 15.002 de la Ley de Municipios Autónomos como sigue:

*"El Tribunal Superior de Puerto Rico entenderá y resolverá, con exclusividad, a instancias de la parte perjudicada, sobre los siguientes asuntos:*

*(a) Revisar cualquier acto legislativo o administrativo de cualquier funcionario u organismo municipal que lesione derechos constitucionales de los querellantes o que sea contrario a las leyes de Puerto Rico.*

*(b) Suspender la ejecución de cualquier ordenanza, resolución, acuerdo u orden de la Asamblea, del Alcalde, de la Junta de Subasta o de cualquier funcionario del municipio que lesione derechos garantizados por la Constitución del Estado Libre Asociado de Puerto Rico o por las leyes estatales."*